# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN THEIS, <br><br> **Plaintiff,** <br><br> v. <br><br> FLOWERS BAKING CO. OF LENEXA, L.L.C. and QUIKTRIP CORP., <br><br> **Defendants.** | Case No. 3:25-cv-697-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In June 2024, Plaintiff Susan Theis was at a QuikTrip store in Granite City, Illinois, when she allegedly tripped over a baking tray, fell, and was injured. (Doc. 1-2). On February 13, 2025, Theis sued Defendants QuikTrip and Flowers Baking Co. of Lenexa ("Flowers Baking") in the Circuit Court of Madison County, Illinois. (*Id.*). Flowers Baking was served on March 24, 2025, and QuikTrip was served the following day. (Doc. 10-1).

On April 22, 2025, QuikTrip's counsel contacted Flowers Baking to discuss the prospect of removal. (*See* Doc. 16). A corporate representative from Flowers Baking told QuikTrip's counsel that they had not yet obtained counsel themselves, but they consented to removal. (*Id.*). Later that day, Flowers Baking's attorneys filed an appearance in state court and requested an extension of time to answer. (Doc. 10-2).

Two days later, on April 24, 2025, QuikTrip filed a Notice of Removal. (Doc. 1). QuikTrip alleges this federal district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c). Specifically, QuikTrip alleges that it is a "foreign corporation organized and existing under [the] laws of the State of Oklahoma, with its principal place of business in

the State of Oklahoma" (Doc. 1, ¶ 4), and Flowers Baking is a "foreign corporation organized and existing under [the] laws of the State of Kansas, with its principal place of business in the State of Georgia." (Doc. 1, ¶ 5).[1] Because Plaintiff Susan Theis is a citizen of the State of Illinois (*id.* at ¶ 3), QuikTrip asserts that "there is complete diversity between the parties." (*Id.* at ¶ 6). QuikTrip further alleges that the jurisdictional threshold is met because "the amount in controversy exceeds $75,000, exclusive of interest and costs" in light of the alleged extent of Theis's injuries and the potential joint and several liability of QuikTrip and Flowers Baking. (*Id.* at ¶¶ 7-11). Theis moves to remand the case to state court based on a procedural defect in the removal process—specifically, because Flowers Baking "failed to file, or join in, a Notice of Removal within 30 days of service of the state court complaint." (Doc. 9).

QuikTrip asserts in its notice of removal that Flowers Baking "join[ed] and consent[ed]" to the removal. (Doc. 1 at ¶ 17). Notably, however, Flowers Baking did not sign the notice of removal. In fact, Flowers Baking did not submit a written consent until April 30, 2025—six days after QuikTrip filed its notice of removal, and more than 30 days after either defendant was served. (Doc. 15). Thus, in her motion to remand, Thies argues that the lack of written consent within the 30-day window renders the notice of removal incurably defective.

---

[1] The Court also notes a potential issue with respect to subject matter jurisdiction. Flowers Baking Co. of Lenexa, LLC is identified as a limited liability company in the caption of the Complaint, but the Notice of Removal alleges that Flowers Baking Co. is a Kansas corporation with its principal place of business in Georgia (Doc. 1, ¶ 5). Moreover, in its Rule 7.1 Disclosure Statement (Doc. 25), Flowers Baking states that it is a foreign corporation organized under the laws of Kansas, with a principal place of business in Georgia. A review of the Kansas Secretary of State's website, however, indicates that Flowers Baking Co. is, indeed, an LLC. It is a well-understood rule of federal civil procedure that the citizenship of a corporation is based on its place of incorporation and principal place of business, while the citizenship of an LLC depends on the domicile of *each and every one* of its members. *Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). Here, the Notice of Removal fails to identify the members of Flowers Baking Co. of Lenexa, LLC, or their citizenship. Thus, the Court's subject matter jurisdiction has not been properly invoked. While ordinarily the Court would give QuikTrip an opportunity to amend the notice of removal to properly establish subject matter jurisdiction, because the Court finds that there was also a procedural defect in the removal process, it is unnecessary to do so.

The Court agrees.

Removal is governed by 28 U.S.C. § 1441, which provides in relevant part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedure for removal of civil actions is outlined in 28 U.S.C. § 1446. Section 1446(b)(1) provides that "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

In cases involving multiple defendants properly joined and served, all defendants "must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Each defendant has 30 days to file a notice of removal after receipt by or service on that defendant of the initial pleading or summons. 28 U.S.C. § 1446(b)(2)(B). Sometimes a situation arises where defendants are served at different times and a later-served defendant attempts to remove the action. In that circumstance, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

"While the time limitation imposed by [Section] 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (internal citations omitted); *see also Collins v. Schnucks Markets, Inc.*, No. 22-cv-48, 2022 WL 488146, at *1 (S.D. Ill. Feb. 17, 2022). Thus, if the removing party fails to comply

with the procedural requirements of removal and the opposing party raises a timely objection to the defect, the Court should remand the case to state court. *See* 28 U.S.C. § 1447(c); *Potter v. Janus Investment Fund*, 483 F. Supp. 2d 692, 703 (S.D. Ill. 2007). The removal statute should be interpreted narrowly, and courts should "presume that the plaintiff may choose his or her forum." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Generally, "there is a strong presumption in favor of remand." *Id.*

Here, there is no dispute that QuikTrip's notice of removal was filed within the 30-day window, but Flowers Baking's written consent was filed after that window had closed. The notice of removal was not unanimous at the time of removal, nor did it become unanimous within the statutorily mandated 30-day period. Considering there is a strong presumption against exercising federal jurisdiction in removal cases and that the removal statute is strictly construed, the Court finds that Flowers Baking's written consent was not obtained in a timely manner and, therefore, the case must be remanded.

For these reasons, the Court **GRANTS** the motion to remand (Doc. 1) and **REMANDS** this action to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:   July 1, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**